UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAMES F. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1859 (RBW) |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on the defendants' motion to dismiss the complaint.[1] For the reasons set forth below, the motion will be granted.

I.  BACKGROUND

At all times relevant to the complaint, the plaintiff was a prisoner incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix").  On or about January 10, 2007, the plaintiff was taken by ambulance to the Saint Francis Medical Center for the treatment of head injuries sustained in an altercation with a staff member.  *See* Compl. at 2. Because inmates were not allowed to take property with them when transported to a location outside the correctional facility, the plaintiff's property, including items purchased from the prison commissary, a "Sony radio, head phones, Daisey typing wheel, typing ribbon, legal documents [and an] inmate ID card, were immediately confiscated [by BOP staff] for 'security

---

[1] The Court construes the plaintiff's Petition for Suit in Equity (Pursuant to 42 [] U.S.C. § 1983) [Dkt. #1] as a civil complaint.

1

reasons[.]'" *Id.* Upon the plaintiff's return to FCI Fort Dix, a property officer returned the confiscated property to him. *Id* at 2-3. At that time, the plaintiff noted that his radio and other items were missing. *Id.* at 3.

The plaintiff submitted an administrative claim to the Federal Bureau of Prisons ("BOP") under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. § 1346 (2006), demanding $139.15 as compensation for the lost property. *See* Compl. at 3; *see also id.* at 4, Ex. 5 (August 28, 2007 Memorandum regarding Administrative Tort Claim No. TRT-NER-2007-02549). The BOP denied the administrative claim, offering the plaintiff the following explanation:

> You signed an Inmate Personal Property Release form on January 10, 2007 and January 23, 2007. Your signature indicates the accuracy of the inventory on both dates. On January 10, 2007, a radio was the only item you indicated was missing. You provided no evidence you possessed a radio on this date. On January 23, 2007, you did not list any items as missing. There is no evidence to suggest you experienced a compensable loss as the result of negligence on the part of any [BOP] employee.

*Id.* at 4, Ex. 5.

The Court construes the complaint as bringing claims against the United States of America under the FTCA and under 42 U.S.C. § 1983, and against the Director of the BOP in his individual capacity under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The plaintiff demands compensatory and punitive damages totaling $150,000. Compl. at 3. The defendants move to dismiss on two grounds: (1) that the Court lacks subject matter jurisdiction over the FTCA claim, and (2) that the complaint fails to state a civil rights claim. *See* Memorandum of Points and Authorities in Support of Defendant's [sic] Motion to Dismiss ("Defs.' Mot.") at 4-9.

## II.  DISCUSSION [2]

### *A.  FTCA Claim* [3]

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994).  The FTCA serves as a limited waiver of sovereign immunity, rendering the United States amenable to suit for certain, but not all, tort claims.  *See Richards v. United States*, 369 U.S. 1, 6 (1962); *Scanwell Lab., Inc., v. Thomas*, 521 F.2d 941, 947 (D.C. Cir. 1975); *Richardson v. United States Dep't of the Interior*, 740 F. Supp. 15, 20 n.10 (D.D.C. 1990).  Generally, the FTCA provides that the "United States shall be liable [for tort claims] in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674 (2006).  Individuals may bring "claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1) (2006).

The FTCA exempts from its waiver provision certain types of claims, *see* 28 U.S.C. §§ 2680(a)-(n) (2006), and the exemption relevant to this action bars "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods,

---

[2] Insofar as the plaintiff brings this action against the BOP's Director in his official capacity, the suit is "treated as a suit against the [government] entity" itself. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

[3] Only the United States is a proper defendant to a claim under the FTCA.  *See* 28 U.S.C. § 2674 (2006) (providing for the United States' liability for certain tort claims).  Therefore, a claim under the FTCA against the BOP's Director in his individual capacity must be dismissed for lack of subject matter jurisdiction.  *See Cox v. Sec'y of Labor*, 739 F. Supp. 28, 29 (D.D.C. 1990).

merchandise, or other property by any officer of customs or excise *or any other law enforcement officer.*" 28 U.S.C. § 2680(c) (emphasis added). This exception precludes a negligence claim arising from the detention of goods as well as the "negligent handling or storage of detained property.**"** *Kosak v. United States*, 465 U.S. 848, 854 (1984). In addition, the Supreme Court has interpreted the phrase "any other law enforcement officer" to encompass BOP officers. *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, __, 128 S. Ct. 831, 835-37 (2008).

Here, the plaintiff alleges that BOP staff confiscated his property when he left FCI Fort Dix for medical treatment and that certain items were lost. Because the plaintiff essentially claims negligence in the handling of his detained property by BOP officers, his claim is precluded under 28 U.S.C. § 2680(c). The FTCA claim, then, must be dismissed for lack of subject matter jurisdiction. *See McKinney v. United States*, No. 05-344, 2009 WL 249366, at *2 (S.D. Ill. Feb. 3, 2009) (concluding that "the BOP detained McKinney's books when they confiscated them during McKinney's move to the Special Housing Unit and thus McKinney's property claim is therefore barred by 28 U.S.C. § 2680(c)"); *Corley v. United States*, No. 5:08cv177, 2008 WL 5412422, at *4 (S.D. Miss. Dec. 23, 2008) (dismissing prisoner's FTCA claim for lack of subject matter jurisdiction because BOP staff members were "other law enforcement" officers who "detained" plaintiff's personal property under Section 2680(c)).

### B. Constitutional Claims

1. <u>Claims Against the United States and the BOP's Director in his Official Capacity</u>

In relevant part, 42 U.S.C. § 1983 provides:

> Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia*, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

>Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

*Id.* (emphasis added).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  "To constitute a state action, the [alleged] deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the state is responsible[.]" *Id.* at 49 (alterations added) (citation omitted).  The party charged with the deprivation must be a person who is "clothed with the authority of state law," *United States v. Classic*, 313 U.S. 299, 326 (1941), and "a person who may fairly be said to be a state actor," *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982).  Thus, § 1983 only applies to state actors; it does not apply to federal officials acting purely under the color of federal law.  *See Williams v. United States*, 396 F.3d 412, 414-15 (D.C. Cir. 2005) (holding that a federal official making an arrest pursuant to state law cannot be sued under § 1983 because his authority to act comes from federal law, not state law).

The BOP is a federal agency, *see* Pub. L. No. 71-218, 46 Stat. 325 (1930) (establishing the BOP's responsibility to manage and regulate all federal penal and correctional institutions), and its Director necessarily performs his duties pursuant to federal law.  Because the plaintiff does not allege that the defendants acted under color of state or District of Columbia law, the plaintiff's § 1983 claim must be dismissed against both the United States and against BOP's Director in his official capacity.  *See, e.g., Gabriel v. Corr. Corp. of Am.*, 211 F. Supp. 2d 132, 135-36 (D.D.C. 2002) (dismissing § 1983 claim against the BOP under Rule 12(b)(6) because "BOP is not a state official acting under color of state law").

### 2. Claims Against BOP's Director in his Individual Capacity

In *Bivens*, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). It appears that the plaintiff's constitutional rights claim against Director Lappin is based on the theory of *respondeat superior*, and thus purports to hold him liable for the wrongful acts of an agency employee committed within the scope of that employment. *See generally Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690-94 (1978).

In order for a constitutional claim to succeed under *Bivens*, the plaintiff must show that each defendant is directly responsible for the improper action. *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993). Here, the plaintiff does not make any direct allegations against BOP's Director, or against any other BOP officer. Rather, the plaintiff merely asserts that, "if the BOP were to answer [t]o any other type of authority, the Director would be the one person, inclusive of others, [w]hom would be held to be accountable for any illegal actions accountable to any BOP [e]mployee." Plaintiff's Response in Opposition to Defendants' [sic] Motion to Dismiss at 3-4. The plaintiff suggests, then, that his claim against BOP's Director is based solely on his position as the agency head and his perceived responsibility for the actions of all of his subordinates. The Director's supervisory role as the head of the BOP does not render him personally liable for the alleged wrongful acts of the BOP's employees. *See Monell*, 436 U.S. at 691 (concluding that *respondeat superior* liability cannot form the basis of liability for a § 1983 claim). Because a *Bivens* claim cannot be based on the theory of *respondeat superior*, and the plaintiff fails to articulate the specific action the BOP's Director or any other BOP officer took in violation of his constitutional rights, the *Bivens* claim must be dismissed. *See Cameron v.*

*Thornburgh*, 983 F.2d at 258 (concluding that a complaint naming the Attorney General and the BOP Director as defendants based on theory of *respondeat superior*, without allegations specifying their involvement in the case, does not state *Bivens* claims against them); *Epps v. United States Attorney General*, 575 F. Supp. 2d 232, 239 (D.D.C. 2008) (citing *Marshall v. Reno*, 915 F. Supp. 426, 429-30 (D.D.C. 1996)) ("A superior official cannot be held liable under Section 1983 or *Bivens* for the constitutional torts of employees under him or her; the common law theory of respondeat superior does not pertain to the federal government in this context.").

### III.  CONCLUSION

The Court concludes that it lacks subject matter jurisdiction over plaintiff's FTCA claim and that the complaint fails to state a civil rights claim under 42 U.S.C. § 1983.  For these reasons, the Court will grant defendants' motion to dismiss.  An Order consistent with this opinion is issued separately.

/s/
REGGIE B. WALTON
United States District Judge

DATE:  August 11, 2009